MOUAT *v.* MONTAGUE.

WRITTEN CONTRACTS—TERMS—PAROL EVIDENCE.

A contract in writing, complete upon its face, for the installation of a heating apparatus, guaranteed to warm a dwelling to a specified temperature, cannot be varied by parol evidence that it was based on the owner's statement and understanding that he would build a stone wall under the building to be heated.

Error to Wayne; Hosmer, J. Submitted November 15, 1899. Decided December 12, 1899.

*Assumpsit* by John D. Mouat against Charles Montague to recover a balance claimed to be due upon a contract to install a heating apparatus. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Wisner & Harvey*, for appellant.

*Stevenson, Merriam, Eldredge & Butzel*, for appellee.

HOOKER, J. The parties to this action negotiated a contract, which they attempted to put in writing, in the form of a proposal and acceptance, whereby the plaintiff promised "to erect in a building located at Caro, Michigan, a hot-water heating apparatus," according to specifications which followed. It contained the following guaranty:

"We hereby guarantee the heating apparatus, when completed, to warm the rooms as mentioned in accompanying schedule to 70 degrees at zero weather."

Also the following provision:

"Upon notification from us that the work herein specified is completed, it shall be inspected by owner or his agent, and accepted or rejected, so that the work, if un-

satisfactory, can be changed and finished at once; and written acceptance is requested when work is complete. I hereby agree to furnish the herein-specified heating apparatus for the sum of $625.00, payable as follows: Cash 30 days from completion of job.   We respectfully submit this proposal subject to your acceptance 30 days from date."

To this proposal was appended an acceptance, viz. :

"*Gentlemen:* We hereby accept and agree to the terms and conditions of your proposal as above specified and submitted, and you are hereby authorized to commence work on or before December 5, 1892.

"CHARLES MONTAGUE."

A schedule was attached, giving names and dimensions of rooms, indicating that the building was designed for a dwelling, and sizes of radiators.

The work was done about January 1st, and was partially paid for, $125 only of the contract price being unpaid.   This action was brought to recover such sum, with interest; the declaration being the common counts, to which a plea of the general issue and a notice of recoupment were interposed.   A bill of particulars filed by plaintiff consisted of a claim for the contract price, less payments. Upon the trial the plaintiff sought to show that the proposal was based upon defendant's statement and understanding that he should build a stone wall under the house.   This was excluded upon the ground that the writing could not be varied by parol testimony.   A verdict for the defendant was rendered by direction of the court.   These two rulings are the errors relied upon.   The case is ruled by *McCray Refrigerator Co.* v. *Woods & Zent*, 99 Mich. 269 (41 Am. St. Rep. 599), and does not fall within the rule of *Stahelin* v. *Sowle*, 87 Mich. 124, which followed a doctrine well established, viz., that, where a writing shows upon its face that it does not contain the entire agreement, parol evidence is admissible to prove the contract.

The judgment is affirmed.

The other Justices concurred.